# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 12-819V**
**(Not to be published)**

| | |
|---|---|
| AURORA CALDERON, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Filed: January 28, 2015 Decision by Stipulation; Damages; Attorneys' Fees & Costs; Influenza ("Flu") Vaccine; Guillain-Barré Syndrome ("GBS") |

*Kelly Burdette*, Burkett & Burdette, Seattle, WA, for Petitioner.

*Gordon Shemin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS**[1]

On November 28, 2012, Aurora Calderon filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of receiving the influenza ("flu") vaccine on December 4, 2009, she suffered from Guillain-Barré syndrome ("GBS") and experienced residual effects that lasted for more than six months.

Respondent denies that the flu vaccine caused Petitioner's alleged GBS, and/or any other

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10-34 (2006)) [hereinafter "Vaccine Act" or the Act"]. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

injury. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation filed on January 20, 2015, that a decision should be entered awarding Petitioner compensation.

In a separate stipulation filed on that same day, the parties also indicated that they had reached an agreement regarding attorneys' fees and costs. The stipulation laid out the amount of compensation that should be awarded to Petitioner's attorney in a check made payable jointly to Petitioner and Petitioner's counsel, and further indicated that no out-of-pocket litigation related costs had been incurred by Petitioner.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulations are reasonable. I therefore adopt them as my decision in awarding damages, and attorneys' fees and costs, on the terms set forth therein.

The damages stipulation awards:

- A lump sum of $15,421.95, which represents reimbursement of a State of New Mexico Medicaid lien, in the form of a check payable jointly to Petitioner and First Recovery Group, LLC (26899 Northwestern Highway; Suite 250; Southfield, MI 48033); and

- A lump sum of $125,000.00 in the form of a check payable to Petitioner. This amount represent compensation for all remaining items of damages that would be available under 42 U.S.C. § 300aa-15(a).

Damages Stipulation ¶ 8.

The attorneys' fees and costs stipulation awards:

- A lump sum of $8,991.79, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Kelly D. Burdette, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order #9, Petitioner incurred no out-of-pocket litigation expenses in proceeding on the petition.

Stipulation of Facts Concerning Attorneys' Fees and Costs ¶¶ 3 – 6.

I approve Vaccine Program awards in the requested amounts set forth above. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by both (either separately or jointly) filing a notice renouncing their right to seek review.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

AURORA CALDERON,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES

Respondent.

No. 12-819V
Special Master Corcoran
ECF

STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the seasonal influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu vaccination on or about December 4, 2009.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused her to develop Guillain-Barré Syndrome ("GBS") and that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that the flu immunization is the cause of petitioner's alleged GBS, and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $15,421.95, which represents reimbursement of a State of New Mexico Medicaid lien, in the form of a check payable jointly to petitioner and

First Recovery Group, LLC
26899 Northwestern Highway
Suite 250
Southfield, MI 48033

Petitioner agrees to endorse this payment to the State; and

b. A lump sum of $125,000.00 in the form of a check payable to petitioner. This amount represents compensation for all remaining items of damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about December 4, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about November 28, 2012, in the United States Court of Federal Claims as petition No. 12-819V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS, or any other injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

AURORA CALDERON

**ATTORNEY OF RECORD FOR PETITIONER:**

KELLY D. BURDETTE
Burkett & Burdette
2101 Fourth Avenue
Suite 1830
Seattle, WA 98121
(206) 838-1061

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury
Compensation Programs (DICP),
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: 20 January 2015